**2014 UT App 274**

# THE UTAH COURT OF APPEALS

STATE OF UTAH, IN THE INTEREST OF N.D. AND N.D., PERSONS
UNDER EIGHTEEN YEARS OF AGE.

J.D.,
Appellant,
*v.*
STATE OF UTAH,
Appellee.

Per Curiam Decision
No. 20140865-CA
Filed November 20, 2014

Third District Juvenile Court, Salt Lake Department
The Honorable Julie V. Lund
No. 1094507

Patty K. Biedermann, Attorney for Appellant

Sean D. Reyes and John M. Peterson, Attorneys
for Appellee

Martha Pierce, Guardian ad Litem

Before JUDGES GREGORY K. ORME, JAMES Z. DAVIS, AND
J. FREDERIC VOROS JR.

PER CURIAM:

¶1      J.D. (Mother) appeals the order terminating her parental
rights to N.D. and N.D. We affirm.

¶2      "[I]n order to overturn the juvenile court's decision, the
result must be against the clear weight of the evidence or leave the
appellate court with a firm and definite conviction that a mistake
has been made." *In re B.R.*, 2007 UT 82, ¶ 12, 171 P.3d 435 (citation

and internal quotation marks omitted). We "review the juvenile court's factual findings based upon the clearly erroneous standard." *In re E.R.*, 2001 UT App 66, ¶ 11, 21 P.3d 680. A finding of fact is clearly erroneous when, in light of the evidence supporting the finding, it is against the clear weight of the evidence. *See id.* Therefore, "[w]hen a foundation for the court's decision exists in the evidence, an appellate court may not engage in a reweighing of the evidence." *In re B.R.*, 2007 UT 82, ¶ 12.

¶3     The juvenile court found several grounds that supported termination of Mother's parental rights. Pursuant to Utah Code section 78A-6-507, the finding of a single enumerated ground will support the termination of parental rights. *See* Utah Code Ann. § 78A-6-507 (LexisNexis 2012). Therefore, it is sufficient if the evidence supports any of the grounds for termination found by the juvenile court. The court found that Mother had neglected her children, *see id.* § 78A-6-507(1)(b), and that she was an unfit or incompetent parent, *see id.* § 78A-6-507(1)(c). The court further found, pursuant to Utah Code section 78A-6-507(1)(d), that (1) the children had been in an out-of-home placement under the supervision of the juvenile court and the Division of Child and Family Services (DCFS), (2) Mother "substantially neglected, willfully refused, or has been unable or unwilling to remedy the circumstances that caused the children to be in an out-of-home placement," and (3) "there is a substantial likelihood that [Mother] will not be capable of exercising proper and effective parental care in the near future." *See id.* § 78A-6-507(1)(d)(i), (ii), (iii). The court also found that Mother

> experienced a failure of parental adjustment in that she [had] been unable or unwilling within a reasonable time to substantially correct the conduct or conditions which led to her children's placement outside of the home notwithstanding the reasonable efforts of [DCFS] to maintain the children in her care and custody.

*See id.* § 78A-6-507(1)(e). The court further found that it was in the children's best interests that Mother's parental rights be terminated, *see id.* § 78A-6-506(3), and that DCFS made reasonable efforts to reunify Mother with her children, *see id.* § 78A-6-507(3)(a).

¶4      In her petition on appeal, Mother does not challenge the juvenile court's finding that she experienced a failure in her parental adjustment despite the reasonable efforts of DCFS. Because any one of the grounds found by the juvenile court would be sufficient to establish grounds for termination of Mother's parental rights, we do not consider Mother's challenge to the other grounds found by the juvenile court.

¶5      Although Mother challenges the juvenile court's subsidiary finding that she did not comply with the service plan, her failure to challenge all of the grounds for termination identified by the juvenile court renders this challenge superfluous. Furthermore, while Mother completed the required assessments, she did not complete the recommended services. The juvenile court found that Mother either failed or dropped out of every program provided by DCFS. At the termination trial, Mother testified that she had subsidized housing, had secured employment with a relative on the eve of trial, and was attending treatment groups. The juvenile court specifically found that her testimony about employment was not credible. Mother selectively recounts testimony of the peer parent provided as a service by DCFS that Mother was very engaged in one session in June 2014, but there is no record support for the assertion that the peer parent "became optimistic that she could safely parent her children." In fact, the peer parent testified that while Mother had one "engaged visit" in June 2014 that followed an attempt to "refocus her," she did not re-engage with the children after that visit. The peer parent testified that Mother learned some parenting skills but that she remained distracted, did not provide appropriate supervision, responded to instructions with indifference, and frequently missed or was late for visits.

¶6    Mother also challenges the best-interests finding, but she does not demonstrate that the finding lacks adequate support. The children were in a kinship foster placement with a family that wanted to adopt them. They were integrated into the family and bonded with the foster parents and sought them out for comfort. In contrast, there was little, if any, evidence that the children were bonded to Mother. Although one of the children exhibited significant developmental delays when she came into custody, those delays were being effectively addressed by the foster parents. The evidence amply supports the best-interests finding.

¶7    Because "a foundation for the court's decision exists in the evidence," we affirm the juvenile court's order terminating Mother's parental rights. *See In re B.R.*, 2007 UT 82, ¶ 12, 171 P.3d 435.

_____